**\*E-Filed 9/2/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOB TRAGNI et al.,<br><br>   Plaintiffs,<br>v.<br>SOUTHER ELECTRIC INC.,<br><br>   Defendant.<br>_____/ | Case No. 5:09-CV-00032-RS<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

Plaintiffs Bob Tragni and William T. Barrow, as trustees of Health and Welfare Trust, Pension Trust, Apprenticeship Trust, National Electrical Benefit Fund, Joint Electrical Industry Fund, NECA Service Charge, and NECA (collectively "the funds") move for default judgment, liquidated damages, attorney fees, and costs pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Defendant Souther Electric Inc. ("SEI") has not opposed the motion.

On August 26, 2009, an evidentiary hearing was held in accordance with Rule 55(b)(2), at which plaintiffs' counsel presented argument and evidence in favor of default judgment. SEI did not appear. For the reasons presented below, it is recommended that plaintiffs' motion be granted in part and denied in part.

## II. BACKGROUND

On October 10, 1995, SEI entered into a collective bargaining agreement with Local Union

1

332 of the International Brotherhood of Electrical Workers (the "Agreement"), which provided that SEI would make monthly contributions to the funds. On January 6, 2009, plaintiffs filed a complaint alleging that SEI had breached the Agreement by failing to make timely contributions for November and December 2008. Under the Agreement, such payments are calculated based on the total hours each employee works, and they are due on the fifteenth day of the month following the month in which the relevant labor was performed. Late payment subjects SEI to liability for liquidated damages, as well as attorney fees and costs. It now appears that, in the time period after the complaint was filed, SEI eventually made the November and December 2008 payments—albeit in a delinquent fashion. Rashid Declaration, Exh. A. Consequently, the only remaining issue before the Court is whether SEI is liable for liquidated damages, attorney fees, and costs as a result of these late payments.

A declaration by Jo Ann Rashid, accounts manager for the funds, which was filed in support of the instant motion for default judgment, indicates that SEI also made late payments during the following time periods: August 2007 to December 2007, February 2008 to May 2008, and July 2008 to December 2008. *Id.* No mention of these additional delinquencies, however, appears in the complaint.

After SEI failed to respond to the complaint or make an appearance in the case, the Clerk of Court entered default. Plaintiffs now move for entry of default judgment against SEI pursuant to contract law and Section 1132 of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1132(g)(2). In addition, plaintiffs seek $7,511.34 in liquidated damages for November and December 2008, $1,335.75 in attorney fees, and $355.32 in costs, for a total award of $9,202.41.[1] *See* Rashid Decl., Ex. A (calculating damages); Campbell Decl., Ex. A (calculating fees and costs).

---

[1] For all accumulated deficiencies, including those not identified in the complaint, plaintiffs seek $48,349.50 in liquidated damages, $1,862.25 in attorney fees, and $413.32 in costs, for a total award of $50,625.07.

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

2

III.  LEGAL STANDARD

Following entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.  Entry of default judgment is within the court's discretion, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is governed by the following factors: (1) the merits of plaintiffs' substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiffs; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering the *Eitel* factors, all factual allegations in plaintiffs' complaint are taken as true, except for those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

IV.  DISCUSSION

A.  <u>Damages Not Identified in the Complaint</u>

The threshold question in this dispute is whether plaintiffs can claim damages for delinquencies not listed in their complaint.  Recovery pursuant to a motion for default judgment, as noted above, must "not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The period of contributions for which plaintiffs seek recovery in their complaint (November 2008 and December 2008) is a subset of the larger recovery they request in their motion for default judgment (August 2007 to December 2007, February 2008 to May 2008, and July 2008 to December 2008).

In *St. Paul Electrical Construction Industry Fringe Benefits Fund v. Martens Electric Co.*, a pension fund filed a complaint against an employer, seeking to collect on a single delinquent contribution.  485 F. Supp. 2d 1063, 1067 (D. Minn. 2007).  Other, separate missed contributions were described in later-filed affidavits and became the basis for damages sought by the pension fund in its motion for declaratory judgment.  *Id*. at 1063.  The court, however, expressed "grave concerns"

about whether "a default judgment may be granted for relief that was not specifically described in the complaint and that arose out of conduct that did not occur until after the complaint was filed and after the defendant decided not to defend." *Id*. at 1068.

Similarly, here, plaintiffs' complaint contains a vague statement that "additional sums" still are owed but makes no specific mention of the damages listed in the later-filed Rashid Declaration. As a result, SEI has not had the opportunity to weigh its options as it did when it decided not to respond to the original complaint. *Bd. of Trustees of Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co., Inc.*, No. 08-2038 SC, 2009 WL 1704677, at *4-5 (N.D. Cal. June 17, 2009). SEI might understandably have decided to appear and defend this suit if fifteen months of liquidated damages were at stake instead of two. *Id*.; *see St. Paul Electrical*, 485 F. Supp. 2d at 1067.

In short, SEI has not had sufficient notice of all claims for liability and would be unduly prejudiced by the entry of default judgment with the additional delinquent months identified in the Rashid Declaration. Plaintiffs have not amended their complaint to reflect any additional delinquencies that may have come to light, despite having ample opportunity to do so. *See* Complaint at 3 (reserving the right to amend the complaint at or before the time of judgment). Accordingly, it is recommended that plaintiffs' claims for any months beyond November and December 2008 be denied. If plaintiffs wish to recover payment for the additional months listed in the Rashid Declaration, they should file a new complaint.

B.     *Eitel* Factors One and Two:  Merits of the Claim and Sufficiency of the Complaint

As to default judgment on the November and December 2008 amounts, each of the *Eitel* factors must be considered in turn. With regard to the first two factors, 29 U.S.C. § 1145 provides that every employer who is obligated to make contributions under the terms of a collectively bargained agreement shall make them in accordance with the terms of such agreement. When a benefit plan wins a judgment in an action to enforce Section 1145, Section 1132 of the same title provides that the plan is entitled to the unpaid contributions, interest thereon, reasonable attorney

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

4

fees and costs, and liquidated damages. 29 U.S.C. § 1132(g)(2). Section 1132(g)(2)(C)(ii) is the liquidated damages provision. It applies when: (1) the fiduciary obtains a judgment in favor of the plan; (2) unpaid contributions exist at the time of suit; and (3) the plan provides for liquidated damages. *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989); *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988). Once subsection (ii) is triggered, liquidated damages become mandatory. *Idaho Plumbers*, 875 F.2d at 215. In situations not expressly governed by Section 1132(g)(2), however, a plaintiff may seek liquidated damages under applicable contractual provisions. *Id*. at 217.

### 1. November 2008

As to the November 2008 payment, the analysis is relatively straightforward. SEI's November 2008 payment came due on December 15, 2008. The complaint was filed on January 6, 2009, and at that time, SEI had not yet paid the November 2008 amount.[2] Rashid Decl., Exh. B. Plaintiffs, moreover, have established that the express terms of the Agreement provide for liquidated damages in such a situation. As plaintiffs have thus satisfied the three requirements set forth in *Idaho Plumbers*, judgment should be entered against SEI for the November 2008 liquidated damages amount, which, according to plaintiff's calculations, is $3,137.11. Rashid Decl., Exh. A.

### 2. December 2008

Plaintiffs also seek to collect liquidated damages on the December 2008 contribution. The record establishes conclusively, however, that this contribution was not yet due at the time of the complaint and, in fact, did not become delinquent until nine days after the complaint was filed. For this reason, the second *Idaho Plumbers* factor is not satisfied, and Section 1132 does not apply. *Parkhurst v. Armstrong Steel Erectors, Inc.*, 901 F.2d 796, 797 (9th Cir. 1990) (holding that "unpaid contributions must exist at the time of suit for statutory liquidated damages to be awarded"). Thus, plaintiffs have not established their statutory entitlement to liquidated damages on the December

---

[2] SEI, in fact, paid this amount into the funds on January 18, 2009. Rashid Decl., Exh. B.

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

5

2008 delinquency.

Section 1132(g)(2), however, does not preempt alternative contractual remedies when its provisions fail to reach the specific situation in question. *Idaho Plumbers*, 875 F.2d at 217. In other words, plaintiffs' ineligibility for a mandatory award of liquidated damages under Section 1132(g)(2) does not bar them from seeking liquidated damages based purely on the terms of the Agreement itself. *Idaho Plumbers*, 875 F.2d at 217. Under the federal common law, a liquidated damages provision is enforceable (and not void as a penalty) only if: (1) "the harm caused by a breach [is] very difficult or impossible to estimate"; and (2) the fixed amount is "a reasonable forecast of just compensation for the harm caused." *Id*.

Plaintiffs have satisfied the first prong of this test. As other courts have observed, when an employer is delinquent in paying contributions into a fund, the fund typically suffers harms that are difficult to gauge. *Bd. of Trustees v. Udovch*, 771 F. Supp. 1044, 1049 (N.D. Cal. 1991). In order to pursue payment, the trust must engage in a number of activities, such as sending additional collection letters, billing statements, and correspondence, and placing follow-up telephone calls, which are made necessary only by the breach but are so intertwined with ongoing operations that their separate value is difficult to measure. *Id*. A trust fund pursuing delinquent contributions suffers additional harm through the diversion of employee and executive time and attention from other business matters. *Id*. Moreover, the plans are subjected to uncertainty about whether the delinquent contributions will ever be collected and the effect the delinquencies will have on the fund's ability to pay out benefits. *Id*. Thus, plaintiffs' difficulty in accurately forecasting damages in this instance is quite apparent.

As to the second prong, *Udovch* explains that the analysis turns on the "parties' intentions." *Id*. What matters is "the character of the process that led, at the time the contract language was drafted, to the fixing of the liquidated damages figures or formulas." *Id.* at 1048. In other words, the negotiating parties who set the liquidated damages figures must have made a good faith attempt to set an amount equivalent to the damages they anticipate. The court is to look for evidence that "the

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

6

drafters made a good faith effort to determine that there would be a rational relationship between the damages that would be paid under the clause and the harms that would be suffered in most of the situations that were reasonably foreseeable." *Id*. at 1049 (emphasis omitted).

Here, plaintiffs submitted both the Agreement and a study conducted in December 2001 to determine the collection costs and time spent in collecting delinquent contributions for the funds. After carefully analyzing the duties performed by attorneys, auditors, and other fund employees, the 2001 study determined that the 10% liquidated damages rate was a reasonable calculation of the costs incurred for late payments. Rashid Decl., Ex. C. With this showing, plaintiffs have sufficiently demonstrated their good faith efforts to set a fair liquidated damages amount, and therefore they have satisfied the second prong.

Accordingly, the evidence supports a finding for contract-based liquidated damages. It is therefore recommended that the Court enter judgment against SEI for the December 2008 liquidated damages amount, which, according to plaintiffs' calculations, is $3,137.11.

C.     *Eitel* Factor Three:  Prejudice to Plaintiffs

As noted above, plaintiffs' claim against SEI for infringing the Agreement appears sound. If the Court were to deny plaintiffs' motion for default judgment, plaintiffs would have no other avenue for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).[3] Consequently, the third *Eitel* factor, possible prejudice to plaintiffs, weighs in favor of granting default judgment.

D.     *Eitel* Factor Four:  Sum of Money at Stake

The fourth *Eitel* factor concerns the amount of money at stake. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). In determining if the amount at stake is reasonable, the court may

---

[3] Plaintiffs requested an injunction in their complaint, but have not moved for that remedy in their motion for default judgment.

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

7

consider plaintiffs' declarations, calculations, pay stubs, and other documentation of damages. *Id.*

1. Liquidated Damages

Plaintiffs seek $7,511.34 in liquidated damages for November and December 2008. For the reasons stated above, the amount sought for liquidated damages is reasonable.

2. Attorney Fees and Costs

Section 1132(g) of ERISA requires the Court to award plaintiffs "reasonable attorney's fees and costs of the action" when plaintiffs obtain a judgment in their favor or otherwise obtain the relief sought. 29 U.S.C. § 1132(g)(2)(D); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 258 (9th Cir. 1996). Similarly, the Agreement provides that attorney fees are justified if a contribution is not made. Here, plaintiffs seek reimbursement for $1,335.75 in attorney fees, which amounts to $195 per hour. Campbell Decl., Ex. A. Plaintiffs' attorney has submitted exhibits indicating that she spent a number of hours drafting the complaint and filing the motion for default. *Id.* The attorney fee amount and counsel's hourly rate are reasonable under the circumstances. As for costs, plaintiffs seek $355.32. *Id.* This amount, too, is reasonable.

3. Interest

Both the complaint and the Agreement make reference to interest on liquidated damages at the legal rate, which under California law is 10% per annum. *See* Cal. Civ. Code § 3289; Agreement at 50. Plaintiffs, however, include no request for interest in their damage calculations in either the instant motion or accompanying declarations. Accordingly, there has been no showing that warrants an award of interest.

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

8

E.   *Eitel* Factor Five:  Possibility of a Dispute Concerning Material Facts

SEI has not filed an answer in response to plaintiffs' complaint, so no dispute concerning material facts as to liquidated damages has arisen.  As the Clerk of Court has already entered default, the Court takes all well-pleaded facts, except those pertaining to damages, as true.  *TeleVideo Systems*, 826 F.2d at 917-18.  Additionally, the evidence plaintiffs submitted in support of their motion for default judgment, including the Agreement between plaintiffs and SEI, supports plaintiffs' account of the events.  Though there is a possibility of dispute as to the damages amount, there is little possibility of dispute as to SEI's liability for damages.

F.   *Eitel* Factor Six:  Possibility of Excusable Neglect

There is also little possibility of excusable neglect.  SEI was duly served with the complaint and summons.  Plaintiffs likewise sent SEI notice of default and informed it of the default judgment hearing.  SEI, however, has made no appearance.

G.   *Eitel* Factor Seven:  Strong Policy Favoring Decisions on the Merits

Though default judgment is disfavored, and a case should be decided upon its merits whenever reasonably possible, this preference for adjudication on the merits, standing alone, is not dispositive.  *PepsiCo*, 238 F. Supp. 2d at 1177.  When SEI failed to appear or to submit an answer to plaintiffs' complaint, a judgment on the merits became impractical, if not impossible.  *See Philip Morris U.S.A., Inc. v. Castworld Prods, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003).

H.   Summary

In light of the seven factors discussed above, the undersigned finds that the entry of default judgment against SEI is appropriate for violations of ERISA and the Agreement's provisions.  Given SEI's failure to litigate, plaintiffs have no other available remedy; nor is there any reason to suspect that plaintiffs' evidence lacks trustworthiness.  Moreover, plaintiffs' claim for relief appears to be meritorious as pled; and the amounts at stake, in terms of liquidated damages and attorney fees, are not excessive given the allegations and the evidence presented.  Finally, the fact that default was not due to any excusable neglect on SEI's part weighs heavily in favor of granting default judgment.

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

9

Even though there is a strong policy favoring decisions on the merits, SEI failed to take any action which would further that prospect. Default judgment, therefore, should be granted to the extent outlined above.

## V. CONCLUSION

Accordingly, it is recommended that the Court grant in part and deny in part plaintiffs' motion for default judgment, as follows:

(1) Default judgment to be granted in favor of plaintiffs against SEI for the months of November and December 2008. Plaintiffs are entitled to $7,511.34 in liquidated damages, $1,335.75 in attorney fees, and $355.32 in costs, for a total award of $9,202.41.

(2) Default judgment to be denied for months not identified in the complaint.

Any party may file objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and Civil Local Rule 72-3.

IT IS SO ORDERED.

Dated:     9/2/09

RICHARD SEEBORG
United States Magistrate Judge

CASE NO. 5:09-CV-00032-RS
REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION FOR DEFAULT JUDGMENT

10